```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                           :
KAREN BATTAGLIA,                                           :
                                                           :   **MEMORANDUM DECISION**
                                                           :   **& ORDER**
                        Plaintiff,                         :
                                                           :   17 Civ. 1832 (BMC)
         - against -                                       :
                                                           :
SHORE PARKWAY OWNER LLC; REGAL                             :
ENTERTAINMENT GROUP; REGAL                                 :
ENTERTAINMENT LLC, UNITED ARTISTS                          :
THEATER CIRCUIT, INC.; UA                                  :
SHEEPSHEAD BAY STADIUM 14; and                             :
REGAL CINEMAS, INC.,                                       :
                                                           :
                                                           :
                        Defendants.                        :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

      Plaintiff Karen Battaglia filed this simple negligence action in state court against defendants for injuries she allegedly sustained when she slipped and fell at defendants' movie theater. Defendants removed this case from state court, invoking this Court's federal jurisdiction, specifically diversity jurisdiction, alleging that even though defendant Shore Parkway Owner LLC ("Shore Parkway") and plaintiff are both New York citizens, Shore Parkway does not destroy the otherwise complete diversity in this case because plaintiff has no claim against it under New York law.

## BACKGROUND

      Shore Parkway, a New York limited liability company, is the owner and landlord of the movie theater where plaintiff allegedly slipped and fell. Prior to plaintiff's injury, Shore Parkway had leased the movie theater to defendant United Artists Theater Circuit, Inc. ("United

Artists"). The lease was then assigned to defendant Regal Cinemas, Inc. ("Regal Cinemas"), a Delaware corporation with its principal place of business in Tennessee, when United Artists merged into Regal Cinemas.

The lease provides that the tenant is responsible for maintaining and making any necessary repairs to the movie theater. However, the lease also grants the landlord, Shore Parkway, "free access" to the movie theater "for the purpose of examining the [premises] or to make necessary repairs . . . ."

Plaintiff, a New York citizen, alleges that in September 2016 she slipped and fell at the movie theater. She alleges that she suffered serious injuries and damages in the amount of five million dollars.

## DISCUSSION

A court may remand a removed case to state court *sua sponte* and absent a motion from the plaintiff if it finds its subject matter jurisdiction lacking. See 28 U.S.C. § 1447(c); Mitskovski v. Buffalo and Fort Erie Public Bridge Auth., 435 F.3d 127, 131 (2d Cir. 2006). A defendant seeking to remove a plaintiff's suit to federal court bears "the burden of establishing that the requirements for diversity jurisdiction [are] met." Mehlenbacher v. Akzo Nobel Salt, Inc., 215 F.3d 291, 296 (2d Cir. 2000). Federal courts only have diversity jurisdiction when there is complete diversity between the parties – that is, when all plaintiffs are citizens of different states from all defendants. See 28 U.S.C. § 1332; Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). This means that if any plaintiff is a citizen of the same state as any defendant, complete diversity does not exist, and diversity jurisdiction is lacking. However, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." Pampillonia

v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998). Additionally, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

Defendants admit that there is no diversity jurisdiction over this case if Shore Parkway is a proper defendant. However, defendants allege that plaintiff "fraudulently" joined Shore Parkway to defeat diversity jurisdiction, because, in its absence, there would be complete diversity. In order to show that plaintiff's naming of Shore Parkway, a non-diverse defendant, was a "fraudulent joinder" effected to defeat diversity, defendants must demonstrate, by clear and convincing evidence, "either that there has been outright fraud committed in . . . plaintiff's pleadings, or that there is no possibility, based on the pleadings, that . . . plaintiff can state a cause of action against [Shore Parkway] in state court." Pampillonia, 138 F.3d at 461. This is a "heavy burden," on defendants. Id.

To determine whether plaintiff asserted a viable claim against Shore Parkway in state court based on the allegations in the pleading, the Court must apply New York's liberal pleading standard. MBIA Ins. Corp. v. Royal Bank of Canada, 706 F. Supp. 2d 380, 394 (S.D.N.Y. 2009) (explaining that under New York's liberal pleading rules, plaintiff need only provide "basic information concerning the nature of plaintiff's claim and the relief sought") (quoting Parker v. Mack, 61 N.Y.2d 114, 117, 472 N.Y.S.2d 882, 883 (1984)). In addition, in the context of fraudulent joinder, "[a]ll uncertainties in applicable state law are resolved in favor of the plaintiff, and the complaint is subjected to less searching scrutiny than on a motion to dismiss for failure to state a claim." Campisi v. Swissport Cargo Servs. LP, No. 09-CV-1507, 2010 WL 375878, at *2 (E.D.N.Y. Jan. 26, 2010) (internal quotation marks omitted); see also Sherman v. A.J. Pegno Constr. Corp., 528 F.Supp.2d 320, 328–29 (S.D.N.Y.2007) (explaining that it is not

3

enough for a defendant asserting fraudulent joinder to show that the plaintiff's cause of action would not survive a motion to dismiss).

Defendants claim that plaintiff has no cause of action against Shore Parkway because, as an out-of-possession owner that retained no control over the premises, it is not liable for injuries that occurred on the property. Under New York law, an out-of-possession property owner is not liable for injuries that occur on the property unless the owner "retained control over the property or is obligated by contract to perform repairs and maintenance." Grippo v. City of New York, 45 A.D.3d 639, 640, 846 N.Y.S.2d 264, 265 (2d Dep't 2007). However, to escape liability, the property owner "must have completely parted with the control of the building." Williams v. Matrix Fin. Servs. Corp., 158 F. App'x 301, 302 (2d Cir. 2005) (citing Bonifacio v. 910-930 S. Blvd. LLC, 295 A.D. 2d 86, 90, 743 N.Y.S.2d 105, 108 (1st Dep't 2002)).

Here, although the lease requires the tenant to maintain the building and make any necessary repairs, Shore Parkway retained the right of re-entry to "examin[e] the [premises] or to make necessary repairs." The right to enter the premises may constitute sufficient retention of control to impose liability upon Shore Parkway for plaintiff's injuries caused by a dangerous condition on the premises of the movie theater if "the condition represents a significant structural or design defect that violates a specific statutory provision." Manning v. Tracy J's, Inc., No. 06 Civ. 956, 2008 WL 1780048, at *9 (S.D.N.Y. April 17, 2008) (citing Nikolaidis v. La Tenia Rest., 40 A.D. 827, 827, 835 N.Y.S.2d 726, 726-27 (2d Dep't 2007)).

First, there is a factual possibility that plaintiff can recover from Shore Parkway. The complaint does not allege the specific circumstances of plaintiff's fall. Therefore, although it is unlikely that her fall was the result of some structural or design defect, the complaint leaves that

4

possibility open, and I cannot conclude at this time that there are no set of facts on which plaintiff could recover from Shore Parkway.[1]

Even more significantly, when determining whether a defendant was fraudulently joined, "'there is no requirement that [the plaintiff's] recovery in state court be reasonably likely.'" Sleight v. Ford Motor Co., No. 10 Civ. 3629, 2010 WL 3528533, at *2 (E.D.N.Y. Sept. 3, 2010) (quoting Lindsay v. Toyota Motor Sales, Inc., No. 04 Civ. 10137, 2005 WL 2030311, at *5 (S.D.N.Y. Aug. 22, 2005)). "'Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is 'no possibility' of recovery is such a finding warranted.'" Ehrenreich v. Black, 994 F. Supp. 2d 284, 289 (E.D.N.Y. 2014) (quoting Nemazee v. Premier, Inc., 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002)). Further, where, as here, there is no allegation of outright fraud, the "fraudulent joinder analysis focuses on whether recovery is *per se* precluded." Segal v. Firtash, No. 13-cv-7818, 2014 WL 4470426, at *3 (S.D.N.Y. Sept. 9, 2014) (internal quotations and citations omitted).

Second, there is a legal possibility that plaintiff can recover from Shore Parkway. Plaintiff's allegations of negligence are more than sufficient to state a claim under New York law. Shore Parkway retained the right of re-entry in the lease, and under New York law, there are circumstances in which an injured plaintiff can recover from an out-of-possession landlord who retained the right of re-entry. Although plaintiff may ultimately be unsuccessful against Shore Parkway in state court, this does not mean that plaintiff fraudulently joined Shore Parkway as a defendant to defeat diversity jurisdiction. See Ruiz v. Forest City Enter., Inc., No. 09 CV 4699, 2010 WL 3322505, at *3 (E.D.N.Y. Aug. 20, 2010) (holding that the defendant, an out-of-possession property owner, did not prove that it was fraudulently joined because the plaintiff's

---

[1] In their response to the Order to Show Cause, defendants allege that plaintiff's fall could not have been caused by a structural or design defect because she slipped on a substance near the concession stand. Defendants, however, offer no support for this conclusory allegation.

5

complaint, alleging that the injury she sustained on the premises was caused by the defendant's negligence, was sufficient to state a claim and whether the defendant fit into one of the two circumstances where an out-of-possession property owner can be liable for injuries sustained on the premises – the owner retained control over the premises or is contractually obligated to perform maintenance or repairs – was a question of fact that could not be resolved on the motion for remand); see also Frank-Shaevich v. United Artists Theatre Circuit, Inc., No. 15 Civ. 6990, 2016 WL 183911 (E.D.N.Y. Jan. 14, 2016) (remanding the case to state court because although the defendant landlord alleged that it was an out-of-possession property owner, the defendant retained the right of re-entry in the lease, which precluded a finding that "there [was] no possibility" that the plaintiff, who was injured on the premises, could recover against the defendant).

  This case is different than the typical case where a fraudulent joinder is found based on the fact that it is impossible for the plaintiff to recover against the non-diverse defendant under state law based on the allegations in the removed complaint. Those types of cases usually involve an issue as to whether the plaintiff's claim even exists under state law, whether the plaintiff is barred from bringing the claim against the defendant, or whether the plaintiff could even assert a claim against the particular defendant; they do not grapple with the underlying merits of the cause of the action. See Nemazee, 232 F. Supp. 2d at 181 (holding that the defendant's claim of fraudulent joinder failed because to find that there was no possibility that the plaintiff could recover, the court would have had to decide a "mixed question of law and fact," that would have required the Court to draw inferences against the plaintiff). In Hill v. Delta International Machinery Corp., 386 F. Supp. 2d 427, 433 (S.D.N.Y. 2005), for example, the Court found that the injured plaintiff failed to state a tort claim against a non-diverse defendant, the plaintiff's

employer, because New York's Workers Compensation law was the exclusive remedy available to the plaintiff. Similarly, in Whitaker v. American Telecasting, Inc., 261 F.3d 196, 207 (2d Cir. 2001), the Second Circuit affirmed the district court's finding that the plaintiff fraudulently joined the non-diverse defendant because the complaint did not assert any claims or seek any relief against the non-diverse defendant, but attempted to seek relief on behalf of the non-diverse defendant.

Here, defendants have failed to meet their burden of establishing, by clear and convincing evidence, that there is no possibility plaintiff can recover from Shore Parkway in state court. Indeed, the very analysis I would have to engage in as to whether plaintiff's injury was caused by a structural or design defect or a violation of an administrative code would require me to adjudicate the merits of the case. That is not the purpose of the fraudulent joinder inquiry. See Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 182 (S.D.N.Y. April 17, 2003) (explaining that whether or not the complaint adequately alleges facts to establish that the non-diverse defendant would be liable under state substantive law is "properly resolved on a motion to dismiss, not on a motion for remand"); see also 14B Wright, Miller & Cooper, § 3721 at 331 (A "defendant may not use removal proceedings as an occasion to adjudicate the substantive issues of a case.").

I recognize that there is broad language in some decisions that supports defendants' attempt at removal. See Cleary v. Boston Scientific Corp., No. 06-cv-3423, 2006 WL 2689815 (E.D.N.Y. Sept. 18, 2006) (discussing decisions with different approaches as to fraudulent joinder). Courts vary as to how restrictive or permissive they want to be when allegations of fraudulent joinder are raised. But to me, the better view is that unless it is clear that there can be no claim against a defendant, a claim that is subject to strong defenses is not the same as a

7

fraudulent joinder. The "no possibility" standard is not an alternative to finding a fraudulent joiner; rather, it is a strong indicator that plaintiff's intent was to prevent removal without grounds to do so. The ultimate determination of fraudulent joinder, however phrased, should be based on whether, in fact, it was the plaintiff's intent to improperly prevent removal.

This is illustrated by the amendment of the removal statute in 1988 by the Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, 102 Stat. 4642 (1988). Removal had long been permitted subsequent to the usual 30-day limitation period if the case was not originally removable but became removable due to subsequent events – like the dismissal of a non-diverse defendant. The amendment placed a one-year time period on this extension of removability in diversity cases, which period began to run from the commencement of the state court case. This one year limit, however, could be extended if, upon removal after more than one year, "the district finds that the plaintiff has acted in bad faith in order prevent a defendant from removing an action." 28 U.S.C. § 1446(c)(1).

This amendment was, in effect, a codification of the restrictive reading of the fraudulent joinder rule. By providing that "bad faith" would extend the one-year period, Congress focused on the intent of the plaintiff in determining whether a party's joinder was fraudulent. It gave defendants one year, plus such time as necessitated by plaintiff's improper resistance, to obtain dismissal of non-diverse defendants. And in doing so, it was expressing a preference that state courts determine the merits of claims arising under state law, even if those claims might seem weak to a federal court.

Everything in this case suggests that plaintiff had no fraudulent intent. It is standard practice in slip and fall cases for the plaintiff to sue both the landlord and the tenant of the subject premises. The plaintiff is not charged with reading and interpreting the lease to

determine whether the landlord has successfully disclaimed responsibility.  Indeed, most plaintiffs will not even have had access to the lease at the time they commence suit, and may not know enough facts about the accident to determine whether the landlord has liability under the lease.

Finally, as suggested above, the more restrictive application of the fraudulent joinder rule applied here is in the interest of comity.  If defendants are correct, and the claim against Shore Parkway will fail, there is no reason why they cannot move for dismissal of Shore Parkway in state court, and if the motion is granted, remove the case then, provided that they obtain the dismissal order within one year of the action's commencement.  See 28 U.S.C. § 1446(b)(3) and (c).  A restrictive application of the fraudulent joinder rule will allow state courts to make their own determinations of state law, as opposed to having federal courts determine state law issues in the rather back-handed context of fraudulent joinder.

## CONCLUSION

Because defendants have not met their burden to show that Shore Parkway was fraudulently joined, this Court does not have subject matter jurisdiction over this action.  The case is remanded to the Supreme Court of the State of New York, County of Kings.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      April 12, 2017